Argued December 15, 1970, affirmed March 11, 1971

# COUNTY OF CLATSOP, *Appellant, v.* ROCK ISLAND CONSTRUCTORS, INC. ET AL, *Respondents.*

482 .P2d 541

*Frank J. Coumont*, District Attorney, Astoria, argued the cause and filed the brief for appellant.

*Lawrence M. Dean*, Astoria, argued the cause for respondents. With him on the brief were Macdonald, Dean & McCallister, and Harold A. Snow, Astoria.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

In 1969, Clatsop County brought suit against the defendants, who own 102 acres of land in that county, seeking an order prohibiting defendants from crushing rocks on the property because such use was in violation of Clatsop County Zoning Ordinance 66-2, adopted in November of 1966. The trial court found in favor of the defendants and the county brought this appeal.

In 1963, the county adopted an interim zoning ordinance as authorized by ORS 215.104. This ordinance, which was to be effective for three years, remained in effect until the permanent zoning ordinance, No. 66-2, was adopted in November of 1966. At the time of the adoption of the interim ordinance the land was being used for rock crushing purposes. The interim ordinance did not have any provision for nonconforming uses or for the discontinuance of nonconforming uses upon abandonment other than:

"* * * [N]o land shall be hereafter * * * used for a purpose for which it is not presently being used * * *."

The permanent zoning ordinance adopted in November of 1966, was not made a part of the record and we do not have it before us. In any event, the

issues as framed by the pleadings are such that consideration of the permanent ordinance is not necessary to the disposition of this appeal.

■ Plaintiff's complaint, which was filed in 1969, nowhere alleges that the property was not being used for rock crushing in November of 1966. In fact, if it implies anything on this point, it implies to the contrary. It alleges:

"* * * That for a period of approximately 15 months beginning with March 10, 1964, no rock of any description whatsoever was crushed on the above described real property."

The plaintiff appears to be arguing, in effect, that the interim ordinance provision, forbidding uses not being made at the time of its enactment in 1963, should be given the same effect as a provision common to most zoning ordinances forbidding the re-establishment of non-conforming uses once abandoned. We do not so construe the interim zoning ordinance. The ordinance had an effective life of three years. It said only that if a property owner was not using property for a specific purpose on the date the ordinance became effective, the property owner could not make such use of the property during the ensuing three-year period. The converse of that provision is that if a certain use was being made of the property on the effective date of the ordinance, such use could be made at any time during the ensuing three-year period. This is the only interpretation of the pertinent provision of the interim zoning ordinance consistent with the rule that zoning ordinances, being in derogation of common law and operating to deprive an owner of property of a use thereof which would otherwise be lawful, are to be strictly construed in favor of the

property owner. *Lane County v. Heintz Const. Co. et al*, 228 Or 152, 364 P2d 627 (1961). See also 1 Yokley, Zoning Law and Practice 7, §§ 1-4 (3d ed 1965).

■ It follows that unless the non-conforming use, rock crushing, was abandoned on or after the effective date of the permanent zoning ordinance which was in November of 1966, rock crushing continued to be a proper use of the property. The record indicates that such may be the fact, but that is not the issue raised by the pleadings in this case.

Affirmed.